UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No: SA-11-CV-1043-XR |
| ) | |
| RICHARD CARDENAS, ) | |
| Individually and d/b/a SOMEBODY'S BAR ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Default Judgment (docket no. 11), filed August 9, 2012.

**I. Facts and Procedural Background**

On December 5, 2011, Plaintiff J&J Sports Productions brought this lawsuit against Defendant Richard Cardenas, Individually and d/b/a Somebody's Bar. The return of service indicates that Defendant was personally served on January 11, 2012 with a copy of the summons and complaint.[1] Defendant failed to file an answer or otherwise respond to Plaintiff's complaint.

On August 9, 2012, Plaintiff moved for entry of default and default judgment. The Clerk entered default on August 9.

According to the Complaint, Plaintiff is the license company authorized to sub-license the

---

[1] "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citations omitted). The Court has reviewed the return of service and the pleadings and concludes that it has personal jurisdiction over Defendant.

closed-circuit telecast of the December 6, 2008 De La Hoya v. Pacquiao fight program, including undercard or preliminary bouts (collectively the "Event"), at closed-circuit locations throughout Texas. Compl. ¶ 5. The closed-circuit broadcast of the Event was not intended for the use of the general public and could only be exhibited in a commercial establishment if the establishment was contractually authorized to do so. *Id.* ¶ 6. Plaintiff entered into agreements with various establishments in Texas, allowing them to broadcast the Event in exchange for a fee. *Id.* ¶ 7. The transmission of the Event was electronically coded, or "scrambled," and had to be decoded with electronic decoding equipment for the signal to be received and telecasted clearly. *Id.* ¶ 8. Defendant did not contract with Plaintiff for the right to broadcast the Event in his establishment. *Id.* ¶ 9. The Complaint alleges:

> On December 6, 2008, Defendant willfully intercepted and/or received the interstate communication of the Event. In the alternative, Defendant assisted in the receipt of the interstate communication of the Event. Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.
>
> Defendant misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

*Id.* ¶ 11-12. The Complaint asserts in Count I that "[d]efendant's wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553." Compl. ¶ 16. Plaintiff sought statutory damages of up to $10,000 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and statutory damages for willfulness of up to $50,000 pursuant to 47 U.S.C. § 553(c)(3)(B).

In Count II, the Complaint alleges, "Defendant's wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605." Compl. ¶ 17. Plaintiff sought statutory

damages of up to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and statutory damages of up to $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Pursuant to both sections 553 and 605, Plaintiff also seeks a permanent injunction, and full costs and expenses of this action, including reasonable attorney's fees.

## II. Analysis

By failing to file an answer, Defendant has admitted the allegations of the Complaint, and has admitted that the actions were willful. Defendant's default concedes the truth of the allegations as to liability, but not damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002). Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the amount of damages and/or costs can be determined "with certainty by reference to the pleadings and supporting documents," and where a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

In its motion for default judgment, Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II), an additional $50,000 in statutory damages under § 605(e)(3)(C)(ii), attorney's fees in the amount of $20,000 (and conditional awards for future fees incurred), and costs. Thus, Plaintiff has elected to obtain default judgment only on its claims under § 605.[2]

---

[2] "[I]t is not clear that damages resulting from one unlawful act of cable or satellite 'piracy' are recoverable under both § 553 and § 605." *Innovative Sports Mktg. v. Medeles*, No. H-07-3281, 2008 WL 1758886, at *1 (S.D. Tex. Apr.16, 2008). "However, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553." *Id.* (citing *Ent'mt by J & J, Inc. v. Al-Waha Enters.*, 219 F. Supp. 2d 769 (S.D. Tex. 2002) ("A

In an effort to protect its business interests from illegal broadcasting, Plaintiff filed this action seeking damages for Defendant's pirating of the restricted satellite signal used to transmit the fight. Section 605 states that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." In addition, section 605 prohibits anyone unlawfully receiving such communications from divulging or publishing the information or transmission. Section 605 contemplates civil (and criminal) enforcement measures. *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001). Plaintiff seeks damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii), and attorney's fees and costs under § 605(e)(3)(B)(iii).

Section 605(e)(3)(C)(i)(II) states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this action involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." Courts have developed two approaches for determining statutory damages under this provision: (1) "award damages based on the number of patrons in the establishment at the time of the violation"; or (2) "award a flat sum for damages." *Joe Hand Promotions v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). On the night in question, there were approximately ninety-five people at Somebody's Bar while the Event was displayed on five television sets. Exhibit A-2. In assessing damages based on the number of patrons in the establishment at the time of the violation, other Courts have held that $50 per patron is reasonable. *See e.g., Garden City Boxing Club, Inc., v. Gomez*, No. B-05-249, 2006 WL 1663358,

---

majority of courts that have dealt with a violation of both sections of the FCA award damages only under Section 605 because that provision allows for greater recovery by plaintiffs.")). Plaintiff has adequately pled violations of both section 553 and 605.

at *3 (S.D. Tex. June 5, 2006). Given that there were approximately ninety-five patrons in the establishment, this measure of damages would result in a $4,750 award. The Court finds that an award of $4,750 is reasonable. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business.").

Next, the Court turns to § 605(e)(3)(C)(ii), which states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Defendant's default establishes that the violation was committed willfully and for purposes of commercial or financial gain. Through its affidavit evidence, Plaintiff has effectively described the substantial impact illegal piracy has on its business. Thus, the Court finds it appropriate to send a strong signal that such unauthorized activity will not be profitable. At the same time, the Court is under the assumption that Defendant is not a major chain, and while this violation deserves to be punished, it should not be done in a manner that imposes an insurmountable financial burden. Therefore, the Court finds appropriate a fine of $10,000 under this section.

Finally, § 605(e)(3)(B)(iii) provides that courts "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff's counsel seeks an award of one-third of the actual damages as his fee award. However, he also states that he estimates his firm has expended four hours, at an hourly rate of $250, in this litigation. Exhibit B ¶ 8. The Court declines to award the one-third contingent fee requested by counsel. Instead, the

Court finds that J & J should recover a fee based on the lodestar method, whereby attorneys' fees are calculated according to "the number of hours worked multiplied by the prevailing hourly rates." *See Perdue v. Kenny A. ex rel. Winn*, — U.S. —, 130 S. Ct. 1662, 1669, 176 L. Ed. 2d 494 (2010). Therefore, Plaintiff should receive a fee of $1,000. Plaintiff is also awarded $405 in costs. Finally, the Court declines to award contingent attorney's fees and costs for possible future appeals; Plaintiff may apply for such an award if and when such fees and costs are incurred.

## Conclusion

Plaintiff's Motion for Default Judgment (docket no. 11) is GRANTED. Damages are awarded to Plaintiff as follows under the following provisions of 47 U.S.C. § 605:

605(e)(3)(C)(i)(II) -   $4,750.00

605(e)(3)(C)(ii) -   $10,000.00

605(e)(3)(B)(iii) -   $1,405.00

In total, the Court grants a Default Judgment for Plaintiff against Defendant Richard Cardenas, Individually and d/b/a Somebody's Bar, in the amount of $16,155.00. A separate judgment shall issue in accordance with Rule 58.

It is so ORDERED.

SIGNED this 24th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE